IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| APRIL ORRIS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | No. C10-0132<br><br>RULING ON JUDICIAL REVIEW |

This matter comes before the Court on the Complaint (docket number 1) filed by Plaintiff April Orris, on October 21, 2010, requesting judicial review of the Social Security Commissioner's decision to deny her applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits.[1] On January 14, 2011, the Social Security Commissioner ("Commissioner") filed an Answer (docket number 7). A Social Security Briefing Schedule Order (docket number 9) was entered on January 14, 2011. On April 5, 2011, both parties filed a Joint Motion to Reverse and Remand and for Entry of Final Judgment (docket number 12).

In the joint motion, the parties assert that:

> After careful review of the file in this case, Agency counsel requested that the Appeals Council reconsider the Commissioner's decision. After conducting a review, the Appeals Council determined that remand was appropriate for further consideration of [Orris'] claim. Plaintiff's counsel agrees that remand is appropriate.

---

[1] On November 22, 2010, both parties consented to proceed before a United States Magistrate Judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

1

*See* Memorandum in Support of Joint Motion of the Parties to Reverse and Remand and for Entry of Final Judgment (docket number 12-1) at 2. Specifically, the parties ask that the Commissioner "further evaluate the medical evidence, in particular the treatment records of Charles Buck, M.D., and obtain additional medical and vocational evidence, if necessary." *Id.*

Because the Commissioner requests a remand pursuant to sentence four of 42 U.S.C. § 405(g),[2] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that remand for further consideration is appropriate. Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to further evaluate the medical evidence, in particular the opinions and treatment records of Dr. Buck. On remand, the Commissioner should also obtain additional medical and vocational evidence, if necessary.

## ORDER

For the foregoing reasons, it is hereby **ORDERED**:

This matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 5th day of April, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.